Singh v. Barr

BIA
Hom, IJ
A208 562 729

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

DALJIT SINGH,
> *Petitioner,*

v.                                          18-544
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Richard W. Chen New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Linda S. Wernery,
                       Assistant Director; Thankful T.
                       Vanderstar, Attorney, Office of
                       Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Daljit Singh, a native and citizen of India, seeks review of a February 1, 2018, decision of the BIA affirming a May 25, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daljit Singh,* No. A 208 562 729 (B.I.A. Feb. 1, 2018), *aff'g* No. A 208 562 729 (Immig. Ct. N.Y. City May 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA's decision and therefore consider only the adverse credibility determination. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

2

The agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. The agency's determination that Singh was not credible as to his claim that he was beaten on one occasion by rival party members based on his role in the Akali Dal Mann ("ADM") party is not supported by substantial evidence.

The agency's adverse credibility determination relied on three conflicts in the record. The first was between Singh's testimony and his credible fear interview as to whether his attackers were affiliated with only the Akali Dal Badal ("Badal") party, or with both the Badal party and the Bhartia

3

Janata Party ("BJP"). During his credible fear interview, Singh testified that his attackers drove a vehicle with symbols for both parties, and that the parties were in a coalition with each other, but that the attackers were "Badal party workers." CAR 337-38. In his testimony, Singh claimed that his attackers had a dual affiliation based on the same facts. Because the difference between these accounts is, at most, a difference in emphasis, it does not lend significant support to the adverse credibility determination. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018) ("A trivial inconsistency or omission that has no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination."); *Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019) ("[T]rivial differences in the wording of statements describing the same event are not sufficient to create inconsistencies[,] . . . especially . . . where an immigrant applicant is relying on an interpreter to convey his story . . . .").

The two remaining inconsistencies that the agency relied on concerned whether Singh encountered Peruvian authorities after entering Peru en route to the United States, and whether he was traveling with a companion. The Government submitted

4

a TECS Person Query, which reported without further explanation that Singh "and his co-traveler were encountered in Peru." CAR 117. Contrary to the agency's conclusion, Singh did not testify that he never encountered Peruvian authorities, but only that he was never "caught" or detained by those authorities; accordingly, there was no conflict on that point. Singh also testified that he traveled alone. The agency did not explain why Singh's explanation of the conflict between his testimony and the TECS Person Query—that there was another person present at the time of his encounter with Peruvian authorities, but they were not traveling together—was not convincing. Because the report may well have been based on Singh's proximity to another person, and there is no reason to believe that the authorities making the report (or the "co-traveler") communicated with Singh in a language he understood, Singh's failure to explain the report also does not lend significant support to the adverse credibility determination. *Cf. Hong Fei Gao*, 891 F.3d at 81 (applicant's failure to explain a third party omission has limited probative value where it is not inconsistent with the applicant's own statements).

After identifying errors in an adverse credibility

5

determination, we "affirm only if (a) the agency offered a clearly independent and sufficient ground for its ruling, one that is not affected by any erroneous adverse credibility findings, or (b) the evidentiary record includes statements that are so inconsistent that we can be confident that the agency would not accept any kind of explanation." *Gurung*, 929 F.3d at 62. Neither of these circumstances is present here. Although the IJ made an alternative finding that Singh's account, even if credible, did not establish past harm rising to the level of persecution or a well-founded fear of future persecution, that finding is not before us because the BIA did not rely on it. *See Yan Chen,* 417 F.3d at 271.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6